# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

JULIO NEVARES,

            Plaintiff,

                        9:15-CV-383
        v.                (GTS/ATB)

QUINTA,

            Defendant.

JULIO NEVARES, Plaintiff pro se
RYAN E. MANLEY, Asst. Attorney General for Defendant

ANDREW T. BAXTER
United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Glenn T. Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

Presently before the court is the remaining defendant's motion to dismiss for failure to prosecute as a discovery sanction pursuant to Fed. R. Civ. P. 37. (Dkt. No. 20). The deadline for a response has passed,[1] and plaintiff has not responded to the motion, nor has he requested an extension of time to do so. For the following reasons, this court agrees with defendant and will recommend dismissal of the complaint.

---

[1] On May 18, 2016, plaintiff was notified by the court that his response deadline was June 6, 2016

**I.      Procedural History**

Plaintiff filed this action on April 1, 2015 against three "John Doe" defendants and defendant Quinta, a correctional officer ("CO") at Watertown Correctional Facility. (Complaint ("Compl.")) (Dkt. No. 1). After initial review, Chief Judge Suddaby allowed the case to proceed as against defendant Quinta, but dismissed the John Doe defendants without prejudice.[2] (Dkt. No. 6). Defendant Quinta was served with process and filed an answer on September 17, 2015. (Dkt. No. 17). A Mandatory Pretrial Scheduling Order ("PTO") was issued by the court and sent to both parties on September 18, 2015. (Dkt. No. 18).

Pursuant to the PTO, amendment of pleadings and joinder of parties were to be completed by January 19, 2016, the discovery deadline was March 21, 2016 and dispositive motions were to be filed by May 18, 2016. (PTO at ¶ II(A), (B), (C)). In addition to setting these deadlines, the PTO required that the parties serve documents and other materials that they may use to support their respective positions in the case. (PTO at ¶ I(A)(1), (A)(2)). The PTO also provided that the "defendant(s) are granted leave to take the deposition of plaintiff(s) with notice of the date of the deposition in the form provided in Rule 30(b)(1) and such notice shall be deemed sufficient if the

---

[2] The only remaining claim in this action is a First Amendment retaliation claim against defendant Quinta based on plaintiff's allegations that defendant Quinta placed plaintiff in the Special Housing Unit and issued a misbehavior report in retaliation for plaintiff's refusal to become a "snitch." (*See* Dkt. No. 6 at 19-21). As stated by defendant, the facts of the case are of little relevance because the motion to dismissed is based purely on procedural grounds.

2

notice is mailed to plaintiff(s) at least fifteen (15) days prior to the scheduled date for the deposition." (*Id.* at ¶ 4(D)). The order further warns the plaintiff that his failure to "attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." However, "[o]bjections made in good faith in accordance with governing rules are not prohibited." (*Id.*)

In accordance with the PTO, defendant Quinta filed his "Notice . . . of Service of Mandatory Disclosures" on plaintiff. (Dkt. No. 19). Plaintiff did not file any corresponding notice. The discovery deadline expired on March 21, 2016, without request for extension by any party. There are no docket entries by the parties between September 30, 2015 and May 18, 2016, when defendant filed his motion to dismiss for failure to prosecute. (Dkt. Nos. 19, 20). The last docket entry made by plaintiff was a notice he filed on September 14, 2015, informing the court and defendant that plaintiff had been released from custody and listing his new address. (Dkt. No. 16).

## II.  Motion to Dismiss

### A.  Legal Standards

#### 1.  Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v.*

3

*Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).

### 2. Discovery Sanctions

Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to appear at his own deposition after having received proper notice, the court may take various steps to sanction the disobedient party. Fed. R. Civ. P. 37(d)(1)(A)(i). Section 37(d) cross references Rule 37(b)(2)(A)(v), which also authorizes the court to dismiss an action for failure to comply with a discovery order. The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990). In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought. *Id.* The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

### B. Application

Defendant argues for dismissal based on plaintiff's failure to appear at two scheduled depositions. In the alternative, defendant asks for monetary sanctions against the plaintiff. (*See generally* Dkt. No. 20-8). Defendant has filed the affidavit of counsel in support of his motion, together with Exhibits A through F, outlining the attempts made to depose the plaintiff. (Dkt. No. 20-1 (Affirmation of AAG Manley) &

4

Exs. A-F). AAG Manley states that on January 26, 2016, he served a formal notice of deposition upon plaintiff at his updated mailing address. (Manley Aff. ¶ 7 & Ex. A). Pursuant to the notice, plaintiff's deposition was scheduled to be conducted on February 11, 2016 at the Offices of the New York State Attorney General in Albany, NY. (*Id.*) Exhibit A is a copy of the deposition notice. (Dkt. No. 20-2).

AAG Manley states that, in preparation for the plaintiff's deposition, he arranged for a stenographer, and was prepared to depose plaintiff on the scheduled date. (Manley Aff. ¶¶ 8, 9). However, plaintiff did not appear for his deposition. (*Id.* ¶ 11). AAG Manley has filed the transcript of the "failed" deposition as Exhibit B. The transcript indicates that plaintiff did not appear for the deposition, nor had he called or written to AAG Manley regarding his appearance. (Def.'s Ex. B at 3) (Dkt. No. 20-3). AAG Manley states that, even after the deposition date, plaintiff made no effort to contact defense counsel to explain why he failed to appear. (Manley Aff. ¶ 12).

AAG Manley made a second attempt to schedule plaintiff's deposition by serving a "Second Notice of Deposition" on February 12, 2016, re-scheduling the deposition for February 25, 2016. (Manley Aff. ¶ 13 & Def.'s Exs. C, D) (Dkt. Nos. 20-4 (Ex. C), 20-5 (Ex. D)). AAG Manley included a cover-letter reminding plaintiff that he failed to appear for the first deposition, and he attached the second notice to the cover-letter. Defendant Exhibit C is a copy of the cover-letter regarding the rescheduled deposition and Exhibit D is a copy of the "Second Notice." (*Id.*)

5

Once again, in preparation for the deposition, AAG Manley arranged for the presence of a stenographer, and was otherwise prepared to proceed with plaintiff's deposition on February 26, 2016. (Manley Aff. ¶¶ 14-16). Plaintiff did not appear on the re-scheduled date, and made no effort to contact AAG Manley either before or after the failed deposition to explain his failure to appear. (Manley Aff. ¶¶ 17-18). Defendant's Exhibit E is a copy of the transcript of the second "failed" deposition. (Dkt. No. 20-6). The transcript notes that "neither the first notice of deposition nor the second notice of deposition was returned to [AAG Manley] as undeliverable, and . . . the addresses on the letter and the notices [of deposition] match the address that the plaintiff has filed with the court. (Def.'s Ex. E at 4). AAG Manley has included invoices for the stenographer's charges for both deposition dates. (Def.'s Ex. F) (Dkt. No. 20-7). AAG Manley filed his motion to dismiss on May 18, 2016. (Dkt. No. 20).

Dismissal is a harsh sanction that is only used if no lesser sanctions are appropriate. *See Securities and Exchange Comm'n v. Razmilovic*, 738 F.2d 14, 24-25 (2d Cir. 2013) (quoting *Southern New England Telephone Co. v. Global NAPs, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (dismissal for a disobedient plaintiff or default in the case of a disobedient defendant should be ordered only when the district judge has considered lesser sanctions). In addition, no sanction should be imposed without giving the disobedient party notice of the particular sanction "and an opportunity to be heard in opposition to its imposition." *Id.* (citations omitted).

In this case, based on the facts, plaintiff has either willfully failed to appear at both of his scheduled depositions or has failed to notify defense counsel and the court of a change of address. The latter is unlikely because AAG Manley states that neither of the deposition notices was returned "undeliverable." Thus, defense counsel and the court must assume that plaintiff's actions are willful. This assumption is supported by the fact that plaintiff has failed to respond to defendant's motion to dismiss, after having been specifically notified by the court of the response date.[3]

Defendant has attempted to depose plaintiff twice. Plaintiff was specifically warned in the PTO that the failure to appear or be deposed could subject his action to dismissal. Thus, it appears that plaintiff has chosen to abandon this action. The case cannot go forward without discovery, and the defendants are entitled to depose the plaintiff, particularly when plaintiff's entire action is based upon his claim that defendant retaliated against him when he refused to become a "snitch" for a different corrections officer.

The court has considered lesser sanctions, including monetary sanctions, but clearly plaintiff is refusing to communicate with either the court or counsel. Plaintiff is

---

[3] The court notes that the notice sent to plaintiff by the court indicates that a response to the motion to dismiss is not "required" because motions to dismiss are generally decided on the pleadings. (Dkt. No. 21). However, it is clear from the defendant's papers that a response from plaintiff would be necessary, given that the motion to dismiss is not based on the "pleadings" but upon plaintiff's failure to appear at his deposition, which has nothing to do with the merits of the action. In any event, the court's notice also provides that, even if plaintiff does not intend to respond, he should so notify the court. (*Id.*) Plaintiff did not respond to the motion and he did not comply with the order to so notify the court.

proceeding in forma pauperis, and even though he has been released, it is unlikely that he would be able to afford a monetary sanction. The court finds that monetary sanctions would serve no purpose. Preclusion of plaintiff's testimony would be tantamount to dismissal. Thus, court has no choice but to recommend dismissal for failure to attend his deposition and for failure to prosecute this action.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defense counsel's motion to dismiss plaintiff's action as a sanction for failing to participate in his deposition pursuant to Fed. R. Civ. P. 37 (Dkt. No. 20) be **GRANTED**, and the case be **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: July 14, 2016

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge